UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| FRIENDS OF THE NORBECK and NATIVE ECOSYSTEMS COUNCIL, | ) ) ) | CIV. 10-5082-JLV |
| Plaintiffs, | ) ) ) | ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION |
| vs. | ) ) | |
| U.S. FOREST SERVICE and RICK CABLES, Regional Forester, | ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| STATE OF SOUTH DAKOTA and JEFFREY VONK, in his official capacity as Secretary of the South Dakota Department of Game, Fish and Parks, | ) ) ) ) ) ) ) | |
| Intervenors. | ) | |

On September 3, 2010, non-profit organizations Friends of the Norbeck and Native Ecosystems Council (collectively "plaintiffs") brought suit against the United States Forest Service and Rick Cables, Regional Forester, (collectively "defendants") pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, challenging defendants' approval and implementation of the Norbeck Wildlife Project ("Project") within the Norbeck Wildlife Preserve in South Dakota. (Docket 1). Plaintiffs sought to overturn defendants' decision approving the Project, arguing the decision violated

numerous environmental protection acts, namely, the Norbeck Organic Act ("NOA"), the National Environmental Policy Act ("NEPA"), and the National Forest Management Act ("NFMA").  Id.  Plaintiffs filed their complaint in the United States District Court for the District of Colorado; however, on October 18, 2010, upon motion of defendants, the district court for Colorado transferred the case to the United States District Court for the District of South Dakota.

On October 1, 2010, and again on October 6, 2010, plaintiffs amended their complaint.  (Dockets 6 & 10).  On October 7, 2010, plaintiffs filed a motion for preliminary injunction pursuant to Fed. R. Civ. P. 65, seeking to enjoin defendants from implementing the Project.  (Docket 12).

On October 12, 2010, the State of South Dakota and Jeffrey Vonk, in his official capacity as the Secretary of the Department of Game, Fish and Parks, (collectively "intervenors") moved to intervene in the case. (Docket 15).  The court granted the motion.  (Docket 28).  Defendants and intervenors denied plaintiffs' claims and opposed plaintiffs' motion for preliminary injunction. (Dockets 27, 36, 45, 46, & 48).  On December 9, 2010, the court held a hearing on plaintiffs' motion for preliminary injunction.

The court carefully studied the administrative record in this case,[1] reviewed the briefs, declarations and exhibits filed by the parties, and heard oral argument. The following constitutes the court's findings and conclusions with respect to plaintiffs' motion for preliminary injunction.

A preliminary injunction is an extraordinary remedy, and the burden is entirely on the movant to show relief should issue. Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003) (citations omitted). The court has sound discretion to grant or deny such relief. Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 114 n. 8 (8th Cir. 1981) (*en banc*). When determining whether to grant or deny a motion for preliminary injunction, the court weighs four factors: (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties to the litigation; (3) the movant's probability of success on the merits; and (4) the public interest. Id. at 113. No single factor is dispositive, rather "all of the factors must be considered to determine whether on balance they tip towards granting injunctive relie[f]." Calvin Klein Cosmetics Corp. v. Parfums de Coeur, Ltd., 824 F.2d 665, 667 (8th Cir. 1987) (citing Dataphase Systems, Inc., 640 F.2d at 113). However,

---

[1]Absent extraordinary circumstances, review of agency action under the APA is confined to the administrative record that was before the agency when it made the decision being challenged. Newton County Wildlife Ass'n v. Rogers, 141 F.3d 803, 808 (8th Cir. 1998).

3

the third factor–the probability of success on the merits–is the most significant. Minnesota Ass'n of Nurse Anesthetists v. Unity Hosp., 59 F.3d 80, 83 (8th Cir. 1995); S & M Constructors, Inc. v. Foley Co., 959 F.2d 97, 98 (8th Cir. 1992).

The court finds plaintiffs cannot meet their burden under Dataphase. The public interest weighs in favor of denying injunctive relief. The harm to defendants and intervenors if the Project is enjoined outweighs the harm to plaintiffs if the Project proceeds. Finally, plaintiffs cannot demonstrate probability of success on the merits of their NEPA, NFMA, and NOA challenges.

As plaintiffs brought suit under the APA, this Act establishes the court's scope of review. The APA permits judicial review of agency actions. Sierra Club v. Kimball, 623 F.3d 549, 558-59 (8th Cir. 2010). "Under the APA, a reviewing court will not set aside agency action unless it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" Id. at 559 (quoting 5 U.S.C. § 706(2)(A)). A decision is arbitrary and capricious if:

> the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.[2]

---

[2] Among other claims, plaintiffs' challenge the U.S. Forest Service's decision that NEPA did not apply to the Focus Species List. The court reviewed the Forest Service's decision under a reasonableness standard, rather than a arbitrary and capricious standard. See Goos v. I.C.C., 911 F.2d 1283, 1291-92 (8th Cir. 1990).

4

<u>Central South Dakota Coop. Grazing Dist. v. Sec'y of U.S. Dep't of Agric.</u>, 266 F.3d 889, 894 (8th Cir. 2001) (citation omitted).

Given the narrow scope of review under the APA and the "probability of success" standard for the issuance of a preliminary injunction, the court finds defendants' decision to approve and implement the Project was not arbitrary, capricious, an abuse of discretion, or otherwise contrary to law, here, the NEPA, NFMA, and NOA. Because plaintiffs cannot meet their burden under <u>Dataphase</u>, injunctive relief cannot lie. Accordingly, it is hereby

ORDERED that plaintiffs' motion for preliminary injunction (Docket 12) is denied.

Dated December 10, 2010.

BY THE COURT:

<u>/s/ *Jeffrey L. Viken*</u>
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE